IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

v.

**JAMES DANG**,

        Defendant.

Case No. 3:15-cr-00025-SI-1

**OPINION AND ORDER**

Geoffrey A. Barrow and Pamala R. Holsinger, Assistant United States Attorneys, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204.

Mark N. Bartlett and Meghan M. Bours, DAVIS WRIGHT TREMAINE, LLP, 1201 Third Avenue, Suite 220, Seattle, WA 98101. Of Attorneys for Defendant James Dang.

**Michael H. Simon, District Judge.**

    Defendant James Dang ("Defendant") is charged with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. Dkt. 2. Before the Court is Defendant's motion to compel the production of discovery. Dkt. 85. For the reasons that follow, Defendant's motion is denied.

### STANDARDS

    Federal Rule of Criminal Procedure ("FRCP") 16(a)(1)(E) provides that a criminal defendant is entitled to discovery of documents and tangible things that are within the

PAGE 1 – OPINION AND ORDER

government's possession, custody, or control if the requested information is "material to preparing the defense." Information is in the government's possession if the prosecutor "'has knowledge of and access to the documents sought by the defendant.'" *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). In order to obtain discovery under FRCP 16, a defendant must make a prima facie showing of materiality. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.*

## BACKGROUND

In January 2015, the United States filed an indictment against Defendant for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. On September 18, 2015, Defendant filed a motion to suppress the contents of all wire and oral communication intercepted pursuant to a wiretap order issued on November 14, 2014, and all evidence derived therefrom. Dkt. 77. In the pending motion to suppress, Defendant argues that the Government failed to establish the requisite necessity for the wiretap and failed to provide a factual basis to support a finding of probable cause. Defendant also moved in the alternative for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) to test the veracity of the affidavit submitted by a Drug Enforcement Agency special agent in support of the underlying wiretap application.

In the November 14, 2014 affidavit, the special agent stated: "I have been the lead case agent and affiant in four prior federal wiretap investigations." Dkt. 84-4 at 15. Defendant now moves to compel the Government to disclose any affidavits that the special agent submitted in those four prior federal wiretap investigations. In the alternative, Defendant requests that the Court order the Government to provide certain information from the requested affidavits, including: the date the traditional investigation began against each Target Subject; the date the

PAGE 2 – OPINION AND ORDER

Government first applied for each wiretap; the date the Government first received authorization for each wiretap; the date the Government applied for any extension of each wiretap; the date the Government received any such extension; the date the wiretap of each Target Cellphone concluded; the date the investigation into each Target Subject concluded and the outcome; and whether any prior wiretap investigation concerned alleged violations of a gambling-related law.

## DISCUSSION

Defendant argues that the requested affidavits are relevant and material to his pending motion to suppress and his defense for three reasons. First, Defendant argues that the requested affidavits are necessary to adequately examine whether the special agent inappropriately relied upon "boilerplate language" in the November 14, 2014 affidavit. Second, Defendant argues that the requested affidavits will allow him to develop arguments related to the special agent's dismissal of traditional investigative techniques in this case. Third, Defendant argues that the requested affidavits will provide necessary information regarding the length of the special agent's previous investigations in comparison with his inquiry regarding Defendant.

Defendant cites *United States v. Stever* in support of his argument that the requested affidavits are relevant to his defense and the pending motion to suppress. 603 F.3d 747 (9th Cir. 2010). In *Stever*, the defendant was charged with the manufacture of marijuana plants on an isolated corner of his rural property in Eastern Oregon. *Id.* at 750. The defendant asserted that he had no involvement in the operation and filed a motion to compel discovery of information regarding other pending law enforcement investigations into Mexican drug trafficking operations ("DTOs") that had recently infiltrated the area in Oregon where the defendant lived. *Id.* at 751-52. The defendant argued that this information would support his defense theory that the operation on his land was the work of a Mexican DTO. *Id.* at 752. The defendant made several offers of proof to substantiate the relevancy of the requested information, including a report from

PAGE 3 – OPINION AND ORDER

the National Drug Intelligence Center that explained that Mexican drug trafficking operations were moving into Eastern Oregon and a law enforcement communication that identified a similar operation on federal land in Oregon as the likely work of a Mexican DTO. *Id.* The Ninth Circuit held that the district court's denial of the motion to compel was an abuse of discretion, reasoning that the requested information, if it existed, would tend to show that a Mexican DTO was responsible for the operation on the defendant's property. *Id.* at 753-54. Thus, the requested information would support the defendant's argument that he was not involved in the operation found on his property. *Id.* at 753.

Unlike in *Stever*, where the defendant presented facts that tended to show that the requested information was helpful to his defense, Defendant has not done so here. Defendant's pending motion to suppress concerns the November 14, 2014 wiretap order and its underlying affidavit. In reviewing the validity of a search warrant, a court is "limited to the information and circumstances contained within the four corners of the underlying affidavit." *United States v. Stanert*, 762 F.2d 775, 778 (9th Cir. 1985). Thus, the requested materials would not be relevant to a determination of whether the special agent inappropriately relied upon "boilerplate language" in the November 14, 2014 affidavit. Additionally, the length of the special agent's previous investigations and the techniques the special agent used in those investigations are not relevant to his investigation into Defendant's conduct, because the previous investigations involved different facts and evidence. Defendant has merely presented "conclusory allegations of materiality" and has not presented any facts that would tend to show that the requested materials are helpful to his defense. *Mandel*, 914 F.2d at 1219. Because Defendant has not made a prima facie showing of the materiality of the requested affidavits or information, the Court will not compel their production under FRCP 16.

Finally, the Court notes that the Government has a continuing obligation to comply with *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Defendant presents no evidence, however, that the production of the compelled documents is required under either *Brady* or *Giglio*.

## CONCLUSION

Defendant's motion to compel (Dkt. 85) is DENIED.

**IT IS SO ORDERED**.

DATED this 3rd day of November, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge